

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
Boston Field Office
JFK Federal Building, Government Center
Boston, Massachusetts 02203

Date: June 18, 2020

Pedro de Alcantara de Azevedo Santiago
3 Pine Needle Circle
Milford, MA  00757

A207297544
MSC1991041280

## DECISION

Dear Pedro de Alcantara de Azevedo Santiago:

Thank you for submitting Form I-485, Application to Register Permanent Residence or Adjust Status, to U.S. Citizenship and Immigration Services (USCIS) under section 245 of the Immigration and Nationality Act (INA). After a thorough review of your application and supporting documents USCIS is denying the application for the reason(s) set forth below.

### Statement of Law, Facts and Grounds for Denial

To adjust status under INA 245(a) an applicant must properly file an adjustment application and establish qualifications for the benefit. Specifically, under INA 245(a) and 8 CFR 245.1, the applicant must:

1. Be inspected and admitted or paroled into the United States;
2. Be eligible to receive an immigrant visa under the classification sought;
3. Have an immigrant visa immediately available;
4. Be admissible to the United States; and
5. Merit a favorable exercise of discretion.

With exceptions not relevant here, application of the adjustment statute at INA 245(a) is limited to those inspected and admitted or paroled into the United States. This requirement must be met as an element of threshold eligibility and may not be waived in the discretion of USCIS.

You filed the above-referenced Form I-485 on May 13, 2019 based on an I-130 petition filed by Poliany Rodrigues Santiago that was approved on January 12, 2017 (MSC1491259509). A review of the record shows that you previously filed Form I-485 along with Form I-601 (requesting a waiver of inadmissibility) on June 18, 2014 and were interviewed on April 12, 2016 to provide supporting testimony and additional evidence. The June 18, 2014 I-485 and I-601 applications were denied on January 24, 2017 under INA 245(a) because you were ineligible for adjustment by failing to carry your burden of proving that you were inspected and admitted or paroled into the United States.

The record further shows that you filed new Forms I-485, I-601 and an I-102 on May 13, 2019 and were interviewed on March 2, 2020 to provide supporting testimony and additional evidence. The May 13, 2019 I-485 and I-601 were denied on September 5, 2019 under INA 245(a) for failure to carry your burden of proving that you were inspected and admitted or paroled into the United States. On October 4,

2019 you filed Form I-290B to reopen the May 13, 2019 I-485 and I-601 and, on January 16, 2020, your I-290B was approved. On January 21, 2020 the I-120 was denied.

Your I-290B did not include new evidence to support your May 13, 2019 I-485 and I-601 applications but instead asserted you are eligible to adjust under INA 245(a) because:

1. New evidence (expected from the pending I-102) would support your claim of eligibility;
2. You should have been given another interview or request for evidence; and
3. USCIS erred as a matter of law because the evidence of record proved your eligibility.

Although your I-290B was approved on January 16, 2020, the pending I-102 was denied on January 21, 2020, resulting in no new evidence from that source. The denial of the I-102 moots the argument that new evidence would support your claim to eligibility.

The burden of proving eligibility for adjustment of status is on the applicant. INA 291. Under Title 8 of the Code of Federal Regulations (8 CFR) Section 103.2(b)(1), you must demonstrate eligibility at the time of filing and throughout the adjudication of the benefit request. Under 8 CFR 103.2(b)(8)(ii), if the required initial evidence does not demonstrate eligibility, USCIS may deny the benefit request. According to the USCIS Policy Manual (PM), the eligibility requirement of proving inspection and admission or parole must be satisfied before the alien applies for adjustment of status and, if you have not proven that you were inspected and admitted or inspected and paroled before filing an adjustment application, the officer must deny the adjustment application. USCIS PM Volume 7B Chapter 2A. Under 8 CFR 103.2(b)(8)(i), if the record evidence establishes ineligibility, the application must be denied.

According to 8 CFR 103.2(b)(16)(i), you are entitled to an opportunity to rebut certain derogatory information that forms the basis of a USCIS decision, but only if you were unaware of such information. In this case, the evidence is clear that you knew about the facts surrounding your ineligibility for adjustment under INA 245(a). First, you acknowledged the issue by filing Form I-601 with your initial I-485 - applications that were denied for failure to credibly establish that you were inspected. Your second Form I-601 and I-485 acknowledged the same eligibility issue, and the Form I-102 you filed to seek proof of inspection confirms that you were aware of this failure of proof. Even so, despite several opportunities to submit evidence on the issue (including your initial I-485 and related interview, your second I-485 and related interview, and your I-290B filing), you have not provided credible evidence to show eligibility and you have cited no applicable statute or regulation that would require USCIS to offer an additional interview or other opportunity to present evidence beyond those already offered.

Finally, you argue that two administrative cases support your claim to eligibility based on the evidence of record. The cited cases, *Matter of Areguillin*, 17 I&N Dec. 308 (BIA 1980) and *Matter of Quilantan*, 25 I&N Dec. 285 (BIA 2010) involve individuals crossing the border in vehicles who 1) have not been asked any questions and 2) are "waved through" and allowed to enter the United States. Importantly, the applicants in those cases were required to prove that they had in fact presented themselves for inspection, and you must also prove that you presented yourself for inspection.

You have not claimed that you were "waved through" the airport in Miami but that you presented official (albeit false) documentation to support your entry. Unlike border crossings by vehicle, entries through an airport typically involve official documentation. According to USCIS policy, an arrival/departure record (Form I-94) is the most common document to evidence admission, but other acceptable evidence could include an admission stamp in a passport that may be verified by USCIS systems. USCIS PM Volume

7B Chapter 2.A.2. In fact, your I-102 filing was an unsuccessful attempt to obtain such official documentation of entry (i.e., a replacement I-94). Despite several opportunities, you have not produced documentary evidence of inspection and admission or parole.

The record shows that you claimed to have entered the United States on October 12, 2003 using the passport of another Brazilian national (Miguel Oliveira Vasconcelos), but USCIS records do not verify any such entry. Even if you could prove that the passport of Miguel Oliveira Vasconcelos was used to enter the United states, there is no way for USCIS to know whether it was you or Mr. Vasconcelos who entered on the passport. Under 8 CFR 103.2(b)(2), the non-existence or other unavailability of required evidence creates a presumption of ineligibility. The lack of evidence of admission and your claim of fraudulently using the passport of another makes it equally likely that you entered the United States without inspection. For all of the foregoing reasons, you have not met your burden of proving eligibility for adjustment under INA 245(a), and USCIS hereby denies your I-485.

The evidence of record shows that your period of authorized stay in the United States has expired. You are not authorized to remain in the United States. If you fail to depart the United States within 33 days of the date of this letter, USCIS may issue you a Notice to Appear and commence removal proceedings against you with the immigration court. This may result in your being removed from the United States and found ineligible for a future visa or other U.S. immigration benefit pursuant to INA sections 237(a) and 212(a)(9).

To review information regarding your period of authorized stay, check travel compliance, or find information on how to validate your departure from the United States with Customs and Border Protection (CBP), please see (https://i94.cbp.dhs.gov/I94/#/home).

You may not appeal this decision. However, if you believe that the denial of your Form I-485 is in error, you may file a motion to reopen or a motion to reconsider using Form I-290B, Notice of Appeal or Motion. You must submit Form I-290B within 30 calendar days of service of this decision (33 days if the decision was mailed). If USCIS does not receive the motion to reopen or reconsider within the required period, this decision will become final. 8 CFR 103.5 and 103.8(b). Note: You must follow the most current filing instructions for Form I-290B, which can be found at www.uscis.gov.

To access Form I-290B or if you need additional information, please visit the USCIS Web site at www.uscis.gov or call our USCIS Contact Center toll free at 1-800-375-5283. You may also contact the USCIS office having jurisdiction over your current place of residence.

Sincerely,

Michael McCleary
Field Office Director
Boston Field Office

cc: Jeffrey Rubin, Esq.
One Center Plaza, Suite 400
Boston, MA  02108

**Attachment A**
**(Applicable Law/Regulations)**

INA 245(a) The status of an alien who was inspected and admitted or paroled into the United States or the status of any other alien having an approved petition for classification as a VAWA self-petitioner may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if
    (1) the alien makes an application for such adjustment,
    (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and
    (3) an immigrant visa is immediately available to him at the time his application is filed.

8 CFR 103.5(a) Motions to reopen or reconsider ...
    (1) When filed by affected party—
        (i) General. Except where the Board has jurisdiction and as otherwise provided in 8 CFR parts 3, 210, 242 and 245a, when the affected party files a motion, the official having jurisdiction may, for proper cause shown, reopen the proceeding or reconsider the prior decision. Motions to reopen or reconsider are not applicable to proceedings described in § 274a.9 of this chapter. Any motion to reconsider an action by the Service filed by an applicant or petitioner must be filed within 30 days of the decision that the motion seeks to reconsider. Any motion to reopen a proceeding before the Service filed by an applicant or petitioner, must be filed within 30 days of the decision that the motion seeks to reopen, except that failure to file before this period expires, may be excused in the discretion of the Service where it is demonstrated that the delay was reasonable and was beyond the control of the applicant or petitioner.
        (ii) Jurisdiction. The official having jurisdiction is the official who made the latest decision in the proceeding unless the affected party moves to a new jurisdiction. In that instance, the new official having jurisdiction is the official over such a proceeding in the new geographical locations.
        (iii) Filing Requirements—A motion shall be submitted on Form I-290B and may be accompanied by a brief. It must be:
            (A) In writing and signed by the affected party or the attorney or representative of record, if any;
            (B) Accompanied by a nonrefundable fee as set forth in § 103.7;
            (C) Accompanied by a statement about whether or not the validity of the unfavorable decision has been or is the subject of any judicial proceeding and, if so, the court, nature, date, and status or result of the proceeding;
            (D) Addressed to the official having jurisdiction; and
            (E) Submitted to the office maintaining the record upon which the unfavorable decision was made for forwarding to the official having jurisdiction.
        (iv) Effect of motion or subsequent application or petition. Unless the Service directs otherwise, the filing of a motion to reopen or reconsider or of a subsequent application or petition does not stay the execution of any decision in a case or extend a previously set departure date.

    (2) Requirements for motion to reopen. A motion to reopen must state the new facts to be proved in the reopened proceeding and be supported by affidavits or other documentary evidence. A

motion to reopen an application or petition denied due to abandonment must be filed with evidence that the decision was in error because:

(i) The requested evidence was not material to the issue of eligibility;
(ii) The required initial evidence was submitted with the application or petition, or the request for initial evidence or additional information or appearance was complied with during the allotted period; or
(iii) The request for additional information or appearance was sent to an address other than that on the application, petition, or notice of representation, or that the applicant or petitioner advised the Service, in writing, of a change of address or change of representation subsequent to filing and before the Service's request was sent, and the request did not go to the new address.

(3) Requirements for motion to reconsider. A motion to reconsider must state the reasons for reconsideration and be supported by any pertinent precedent decisions to establish that the decision was based on an incorrect application of law or Service policy. A motion to reconsider a decision on an application or petition must, when filed, also establish that the decision was incorrect based on the evidence of record at the time of the initial decision.
(4) Processing motions in proceedings before the Service. A motion that does not meet applicable requirements shall be dismissed. Where a motion to reopen is granted, the proceeding shall be reopened. The notice and any favorable decision may be combined.

8 CFR 103.8(b) Effect of service by mail. Whenever a person has the right or is required to do some act within a prescribed period after the service of a notice upon him and the notice is served by mail, 3 days shall be added to the prescribed period. Service by mail is complete upon mailing.

8 CFR 103.2 (b) Evidence and processing.
(1) Demonstrating eligibility. An applicant or petitioner must establish that he or she is eligible for the requested benefit at the time of filing the benefit request and must continue to be eligible through adjudication. Each benefit request must be properly completed and filed with all initial evidence required by applicable regulations and other USCIS instructions. Any evidence submitted in connection with a benefit request is incorporated into and considered part of the request.

## Attachment B (Applicable Law/Regulations)
## Employment Authorization Document

Any employment authorization based upon this Form I-485 is automatically terminated if the expiration date on the employment authorization document has been reached pursuant to 8 CFR 274a.14(a)(1)(i).

Since this Form I-485 has been denied, the condition upon which your employment authorization was based no longer exists. Any unexpired employment authorization based upon this Form I-485 is revoked as of 18 days from the date of this notice pursuant to 8 CFR 274a.14(b)(2), unless you submit, within 18 days, proof that your Form I-485 remains pending. The decision by the district director shall be final and no appeal shall lie from the decision to revoke the authorization.

Your employment authorization document should be returned to the local USCIS office.

## Advance Parole Document

Pursuant to 8 CFR 212.5(e)(1)(ii), any advance parole document based upon this Form I-485 is automatically terminated if the expiration date of the time for which parole was authorized has been reached.